UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICCO STARMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 3:14-CV-1730-TLS-CAN |
| | ) |
| VIRTUOSO SOURCING GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**REPORT AND RECOMMENDATION**

On November 9, 2015, Plaintiff filed his Motion for Default Judgment. Through his motion, Plaintiff asks the Court to enter judgment in his favor against Defendant for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Plaintiff also asks the Court to award him a total of $19,866.50.[1]

On December 4, 2015, Plaintiff's motion for default judgment was referred to the undersigned under 28 U.S.C. § 636(b)(1)(B) and N.D. Ind. L.R. 72-1 for review, conduct of any and all necessary evidentiary hearings, and a report and recommendation including proposed findings of fact and recommendations for disposition of this matter. Doc. No. 20 at 7. For the reasons discussed below, the undersigned recommends that the Court grant Plaintiff's motion.

**I.   RELEVANT BACKGROUND**

---

[1] Plaintiff's motion sought $19,866.50 in FDCPA and TCPA statutory damages, FDCPA actual damages, and attorneys' fees and costs. Doc. No. 19 at 1. Along with his motion, Plaintiff submitted his Exhibit 3, a bill of costs for attorneys' fees incurred from June 16, 2014, through the filing of the instant motion for default judgment on November 9, 2015. Doc. No. 19-3.

Plaintiff's amended complaint arises from Defendant's telephone calls to Plaintiff, his father, and his brother in connection with and in an attempt to collect an alleged debt. On March 4, 2015, Plaintiff filed the operative amended complaint alleging ten violations of the FDCPA and one count of multiple violations of the TCPA as quoted below.

> COUNT I
> Defendant violated 15 U.S.C. § 1692b(2) by communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt.
>
> COUNT II
> Defendant violated 15 U.S.C. § 1692b(3) by communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt without a proper purpose.
>
> COUNT III
> Defendant violated 15 U.S.C. § 1692b(6) by communicating with a person other than Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.
>
> COUNT IV
> Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.
>
> COUNT V
> Defendant violated 15 U.S.C. § 1692c(b) by communicating with a person other than Plaintiff in connection with the collection of the alleged debt without a proper purpose.
>
> COUNT VI
> Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.
>
> COUNT VII
> Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's and his family's telephones to ring and/or engaging Plaintiff and his family in conversation repeatedly and continuously with the intent to annoy, abuse and/or harass.
>
> COUNT VIII

> Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.
>
> COUNT IX
> Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.
>
> COUNT X
> Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.
>
> COUNT XI
> [Defendant's acts and omissions constituted] numerous and multiple negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*

Doc. No. 7.  On March 5, 2015, Defendant was served with the summons and amended complaint via Cheryl Tyler of Corporation Service Company, RA, Defendant's designated representative.  Doc. No. 10.  Defendant's answer or other responsive pleading was therefore due on March 26, 2015.  *Id.*  With no response from Defendant and at Plaintiff's request, the Clerk of this Court entered Default against Defendant pursuant to Fed. R. Civ. P. 55(a) on October 28, 2015.  Doc. No. 18.

Plaintiff then filed the instant motion for default judgment on November 9, 2015.  Along with his motion, Plaintiff filed (1) his own Declaration [Doc. No. 21]; (2) the Declaration of David B. Levin, his attorney [Doc. No. 19-2]; and (3) an attorneys' fees statement [Doc. No. 19-3].  To this date, Defendant has not filed anything in this case, not even a response to Plaintiff's motion for default judgment.  After the Court issued its referral order on December 4, 2015, the undersigned issued an order on March 30, 2016, analyzing the two counts of Plaintiff's complaint for which the referral order reached no conclusion on liability.  Indicating intent to recommend liability only on Counts I, II, III, and IV, the undersigned ordered Plaintiff to

3

supplement the record on three questions regarding damages.  Specifically, the undersigned asked Plaintiff to (1) clarify whether he is seeking $10,000 or $5,000 in actual damages; (2) explain further the impact of Defendant's allegedly intentional conduct on Plaintiff to support his request for actual damages; and (3) discuss the five factors delineated in 15 U.S.C. § 1692k(b)(1) for determining the proper award of statutory damages not to exceed $1,000.

On April 29, 2016, Plaintiff timely complied with the undersigned's order filing his Supplement on Damages, which included his second Declaration regarding damages. [Doc. No. 25, 25-1.]

**II.    ANALYSIS**

Federal Rule of Civil Procedure 55(b)(2) authorizes a party to seek and a court to enter default judgment once default is established against a party for failure to plead or otherwise defend the action.  A default judgment establishes, as a matter of law, that a defendant is liable to plaintiff for each cause of action alleged in the complaint.  *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).  In considering a motion for default judgment, well-pleaded allegations in the complaint relating to liability are taken as true.  *Merrill Lynch Mortg. Corp. v. Narayon*, 908 F.2d 246 (7th Cir. 1990); *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  "Default judgment is only appropriate if the well-pleaded allegations, along with any evidence submitted to the court, are sufficient to establish a legal claim."  *Gard v. B&T Fin. Servs., LLC*, No. 2:12-CV-005-JD, 2013 WL 228816, at *1 (N.D. Ind. Jan. 22, 2013) (collecting cases).  However, while well-pleaded allegations regarding liability are taken as true, a plaintiff must still prove the amount of damages to be awarded.  *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

**A.     Liability**

Here, the District Judge has already found that Plaintiff sufficiently pled Counts I, III, and IV to establish liability.  Doc. No. 20 at 3.  In the same order, the District Judge concluded that Plaintiff's allegations in Counts VI, VII, VIII, IX, X, and XI were not sufficiently pled and therefore did not establish liability.  *Id.*  With the Court's referral, the undersigned then analyzed the sufficiency of Plaintiff's pleading and accompanying evidence related to Counts II and V in the order dated March 30, 2016.  *See* Doc. No. 22 at 2–3.

As a preliminary matter, the March 30th order may have caused confusion about the undersigned's conclusion regarding Count II due to a typographical error.  Specifically, the order inadvertently stated: "Therefore, the undersigned will recommend that Defendant's calls to Plaintiff's father seeking location information after being told that Plaintiff's father did not know Plaintiff's location be held *insufficient* to justify default judgment."  Doc. No. 22 at 2 (emphasis added).  Because Plaintiff alleged facts consistent with 15 U.S.C. § 1692b(3), the undersigned intended just the opposite outcome.  Therefore, the undersigned now **AMENDS** the order dated March 30, 2016, *nunc pro tunc* to read " . . . after being told that Plaintiff's father did not know Plaintiff's location be held *sufficient* to justify default judgment." [Doc. No. 22 at 2].

With the language of the undersigned's March 30th order corrected, the undersigned now adopts the reasoning set forth in that order and **RECOMMENDS** a finding that Plaintiff's allegations in Counts II are sufficiently pled to establish liability and his allegations in Count V are not sufficiently pled to establish liability.  Assuming the Court adopts the undersigned's recommendation finding Plaintiff established liability under the FDCPA on Counts I, II, III, and

5

IV, Plaintiff is entitled to default judgment leaving only the question of the amount of damages to be awarded.

### B.      Damages

The party moving for a default judgment must establish entitlement to the relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Courts must ascertain with reasonable certainty the amount of damages to award based upon an evidentiary hearing, definite figures contained in documentary evidence, or detailed affidavits. *See WMS Gaming Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 607 (7th Cir. 2008); *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007); *In re Catt*, 368 F.3d at 793.

Plaintiff has requested a total award of $19,866.50, including $11,000 in actual and statutory damages under the FDCPA; $4,500 in statutory damages under the TCPA; $3,917.50 in attorneys' fees; $400 in court costs; and $49 for process server costs. Doc. No. 19 at 1; *see also* Doc. No. 25 at 1 (confirming that Plaintiff is requesting $10,000 in actual damages under the FDCPA). Having recommended no liability under the TCPA, the undersigned will only consider the $15,366.50 requested in relation to Defendant's recommended liability under the FDCPA. The FDCPA provides for the award of any actual damages, statutory damages not to exceed $1,000, and the costs of the action including reasonable attorney fees as determined by the court. 15 U.S.C. § 1692k(a).

### 1.       FDCPA Actual Damages

"Actual damages [under the FDCPA] include damages for personal humiliation, embarrassment, mental anguish and emotional distress." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011) (upholding jury instruction); *see also*

*Minnifield v. Johnson & Freedman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011). An award of actual damages must be just and reasonable. *McCullough*, 637 F.3d at 957. In another case involving only two violations of the FDCPA, this Court awarded $25,000 in actual damages on a comparable motion for default judgment. *Gard v. B&T Fin. Servs., LLC*, No. 2:12-CV-005-JD, 2013 WL 228816, at *2 (N.D. Ind. Jan. 22, 2013) (collecting cases); *see also McCullough*, 637 F.3d at 957–58 (affirming a jury award of $250,000 in the face of damages far more involved than those in *Gard*).

Plaintiff has requested $10,000 in actual damages. Plaintiff's request is just and reasonable. In his affidavit, Plaintiff explained how Defendant's phone calls at his place of employment violated the company's policy prohibiting phone calls at work; caused him to be reprimanded for receiving phone calls outside the scope of permission granted due to his grandmother's failing health; and led him to fear losing his job, which would limit his ability to provide for himself and his ten-year old daughter. Plaintiff also explained his fear that if he lost his job, his daughter would be forced to stop her extracurricular activities causing her unnecessary humiliation.

Plaintiff also noted that Defendant's phone calls to his father and brother agitated them and caused their family relationship to deteriorate. His father and brother, who had previously spoken with him daily via telephone, blamed him for the frequent phone calls. In addition, his brother humiliated him by raising the matters discussed in the phone calls with Defendant at family gatherings and his father's trust in his decision-making faltered affecting discussions of important family matters.

Taken together, these consequences of Defendant's phone calls caused Plaintiff to suffer mental anguish, embarrassment, humiliation, and emotional distress in his employment and personal relationships. Moreover, Defendant's four violations exceed the two violations at issue in *Gard* where this Court awarded $25,000 in actual damages. Therefore, Plaintiff's request for $10,000 in actual damages is fair and reasonable.

### 2. FDCPA Statutory Damages

The FDCPA provides for the award of statutory damages, not to exceed $1,000, for any violation of the statute. 15 U.S.C. § 1692k(a). In determining whether part or all of the $1,000 maximum shall be awarded, "the court shall consider . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional." 15 U.S.C. § 1692k(b)(1); *see also Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995).

In this case, the maximum statutory award of $1,000 is just and reasonable in light of the frequency and persistence of Defendant's improper communications. An argument for intentionality is also plausible giving Plaintiff's allegations that Defendant continued making calls to him, his brother, and his father despite being informed that Plaintiff was represented by counsel; that Defendant made more than five calls, which implies intentionality rather than inadvertent error; and persisted in calling his father despite his father's repeated refusal to disclose Plaintiff's location. Moreover, Defendant's four violations of the FDCPA exceed the one violation necessary to justify an award of the $1,000 in statutory damages.

### 3. Attorneys' Fees and Expenses

The FDCPA also provides for the recovery of reasonable attorney's fees as determined by the Court in the event of a successful enforcement action. 15 U.S.C. § 1692k(a)(3). Having reviewed Plaintiff's counsel's statement of attorneys' fees submitted to the Court with the instant motion, the Court finds $3,917.50 in attorney fees, $400.00 in court costs, and $49.00 for process server costs to be reasonable for prosecution of this action. *See* Doc. No. 19-3.

### III. CONCLUSION

Preliminarily, and as discussed above, the undersigned now **AMENDS** the order dated March 30, 2016, *nunc pro tunc* to read " . . . after being told that Plaintiff's father did not know Plaintiff's location be held *sufficient* to justify default judgment." [Doc. No. 22 at 2].

As to Plaintiff's instant motion for default judgment, the undersigned **RECOMMENDS** that Plaintiff's motion be **GRANTED** [Doc. No. 9] for the reasons explained above and in the order dated March 30, 2016. Specifically, the undersigned **RECOMMENDS** that the Court

(1) **FIND** Defendant, Virtuoso Sourcing Group, LLC ("Virtuoso"), liable under the FDCPA for Counts I, II, III, and IV of Plaintiff's amended complaint;

(2) **ORDER** default judgment to be entered against Virtuoso; and

(3) **ORDER** Virtuoso to pay Plaintiff a total of $15,366.50, including
(a) $10,000 in actual damages for four violations of the FDCPA;
(b) $1,000 in statutory damages for four violations of the FDCPA;
(c) $3,917.50 in attorneys' fees;
(d) $400 in court costs; and
(e) $49 in process server costs.

**NOTICE IS HEREBY GIVEN that within fourteen (14) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS**

**WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.
SO ORDERED.**

Dated this 17th day of June, 2016.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
